## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CADDO SYSTEMS, INC. and 511
TECHNOLOGIES, INC.,

      **Plaintiffs,**

  **v.**

JETBRAINS AMERICAS, INC.

      **Defendant.**

Civil Action No. _____

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR PATENT INFRINGEMENT

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiffs Caddo Systems, Inc. and 511 Technologies, Inc.("Plaintiffs") hereby make the following allegations against Defendant Jetbrains Americas, Inc. ("Defendant" or "Jetbrains") as follows:

### NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2.     Plaintiff Caddo Systems, Inc. ("Caddo") is a Texas corporation with its principal place of business in the 511 Technology Center at 511 N. Washington Avenue, Marshall, Texas 75670.

3.     Plaintiff 511 Technologies, Inc. ("511 Tech") is a Texas corporation with its principal place of business at 511 N. Washington Avenue, Marshall, Texas 75670.  Since 2010, 511 Tech has operated the 511 Technology Center, including the provision of invention, patent and product development support services in diverse fields including color measurement, flash storage devices, communication protocols, electronic circuitry, software development, energy

storage and control, cloud-connected industrial and consumer products, medical diagnostic device, and art instruction from its headquarters in the former Coca-Cola bottling plant located in the Ginocchi Historic District in Marshall, Texas.

4.      In collaboration with 511 Tech and others working in the 511 Technology Center, Caddo researches, designs, and develops information systems, including systems based on the Asserted Patents.  The Caddo and 511 Tech collaboration includes software products based on inventions described and claimed in the patents asserted in this action.

5.      Caddo is the owner by assignment of 100% interest in the Asserted Patents.  511 Tech has the exclusive license to practice and develop the inventions of the patents asserted in this action.

6.      On information and belief, Defendant Jetbrains Americas, Inc. is a corporation organized and existing under the laws of Delaware.  Jetbrains is registered with the District of Delaware and may be served with process through its registered agent 838 Walker Road Suite 21-2, Dover, DE 19904.

## JURISDICTION AND VENUE

7.      This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.

8.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9.      Defendant Jetbrains is subject to this Court's general and specific personal jurisdiction because Jetbrains has sufficient minimum contacts within the Commonwealth of Delaware and this District, due at least to their substantial business in Delaware and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services

provided to individuals in the State of Delaware.  Further, this Court has personal jurisdiction and proper authority to exercise venue over Jetbrains because it is incorporated in Delaware and by doing so has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

10.     On information and belief, Jetbrains designs, develops, manufactures, sells, offers to sell, and/or imports products, devices, systems, and/or components of systems through certain accused instrumentalities that either infringe or support the infringement of the patents asserted in this action.

11.     On information and belief, Jetbrains sells and offers to sell products and services throughout the United States and in Delaware, including in this District, through the accused instrumentalities, through its website accessible in the United States, and in concert and partnership with third parties.

12.     Furthermore, personal jurisdiction over Jetbrains in this action comports with due process.  Jetbrains has conducted and regularly conducts business within the United States and this District.  Jetbrains has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in the Commonwealth of Delaware and this District. Jetbrains has sought protection and benefit from the laws of the Commonwealth of Delaware by making available products and services, including websites and associated web pages, that infringe the Asserted Patents with the awareness and/or intent that they will be used (or visited) by consumers in this District.  Having purposefully availed itself of the privilege of conducting business within this District, Jetbrains should reasonably and fairly anticipate being brought into court here.

13.     Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

14.    Additionally, Jetbrains—directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents—ships, distributes, offers for sale, and/or sells its products and services in the United States and this District.  Jetbrains has purposefully and voluntarily placed one or more of its products into the stream of commerce through the accused instrumentalities that infringe the patents asserted in this action with the awareness and/or intent that they will be purchased by consumers in this District.  Jetbrains knowingly and purposefully ships infringing products into, and within, this District.  These infringing products have been, and continue to be, purchased by consumers and businesses in this District.

## THE ASSERTED PATENTS

15.    On March 13, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 7,191,411 ("the '411 Patent"), entitled "Active Path Menu Navigation System."  A copy of the '411 Patent is attached hereto as Exhibit 1.

16.    Plaintiffs own all substantial right, title, and interest in the '411 Patent, and hold the right to sue and recover damages for infringement thereof, including past infringement.

17.    On December 29, 2009, the USPTO duly and legally issued U.S. Patent No. 7,640,517 ("the '517 Patent"), entitled "Active Path Menu Navigation System."  A copy of the '517 Patent is attached hereto as Exhibit 2.

18.    Plaintiffs own all substantial right, title, and interest in the '517 Patent, and hold the right to sue and recover damages for infringement thereof, including past infringement.

19.    On January 8, 2013, the USPTO duly and legally issued U.S. Patent No. 8,352,880 ("the '880 Patent"), entitled "Active Path Menu Navigation System."  A copy of the '880 Patent is attached hereto as Exhibit 3.

20.    Plaintiffs own all substantial right, title, and interest in the '880 Patent, and hold the right to sue and recover damages for infringement thereof, including past infringement.

21.    On July 31, 2018, the USPTO duly and legally issued U.S. Patent No. 10,037,127 ("the '127 Patent"), entitled "Active Path Menu Navigation System." A copy of the '127 Patent is attached hereto as Exhibit 4.

22.    Plaintiffs own all substantial right, title, and interest in the '127 Patent, and hold the right to sue and recover damages for infringement thereof, including past infringement.

23.    On November 23, 2021, the USPTO duly and legally issued U.S. Patent No. 11,182,053 ("the '053 patent"), entitled "Active Path Menu Navigation System." A copy of the '053 Patent is attached hereto as Exhibit 5.

24.    Plaintiffs own all substantial right, title, and interest in the '053 Patent, and hold the right to sue and recover damages for infringement thereof, including past infringement.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 7,191,411

25.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

26.    The '411 Patent is directed to systems and methods for navigating within a multi-level hierarchical collapsing menu structure, as described and claimed in the '411 Patent.

27.    Defendant has and continues to directly infringe at least Claim 1 of the '411 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) applications designed to assist in and enhance the writing, editing, and debugging of code, including, without limitation, Integrated Development Environments ("IDEs") and content

offered for sale and use via https://www.Jetbrains.com/ (including all sub-web pages) and maintained on servers located in and/or accessible from the United States under the control of Defendant; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to users through a desktop application, including, but not limited to Jetbrains' WebStorm application, the SCSS Breadcrumbs plugin, the BashSupport Pro plugin, and the XQuery IntelliJ plugin, and; Jetbrains' integrated development environmental applications Intellij IDEA, Clion, GoLand, Pycharm and PhpStorm, and the Neos Support plugin; (iii) services including, without limitation, services that store, serve, and/or run any of the foregoing or that allows navigating within a multi-level hierarchical collapsing menu structure, where each level in the menu structure contains plural items, each item being at least one of a function, a pointer to a location, and a pointer to another level (hereinafter, the "'411 Accused Instrumentalities") as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

28. PyCharm is an emblematic example of the software and navigation features provided by Jetbrains in their IDE software applications. It utilizes the same hierarchical menu structure found in virtually all of Jetbrain's IDEs, including without limitation, IntelliJ, WebStorm, GoLand, Clion, PhpStorm, Rider, Rubymine, and Appcode. All of the aforementioned Jetbrains products infringe in the same manner as PyCharm because they provide the same accused functionalities. PyCharm is used as a representative example for all of Defendant's infringing products mentioned above.

29. By way of example, the '411 Accused Instrumentalities provide a method for navigating within a multi-level hierarchical collapsing menu structure where each level in the menu contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to another level (e.g., the '411 Accused Instrumentalities provide a method for navigating a multi-level hierarchical collapsing menu structure that includes a multi-level hierarchy where each level in the menu contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to another level (e.g., "Tests" includes "Behavioral," which includes "test_observer.py," "test_publish_subscribe.py," "test_state.py" and "test_strategy.py") as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

30.    More specifically, the '411 Accused Instrumentalities provide a graphical user menu system displaying the items of a given level and enabling selection thereof (e.g., "python-patterns" displays and enables selection of items of a given level, such as "Tests" and items within that same level), wherein access of said given level requires sequential access of each of the levels preceding said given level in the hierarchy (e.g., to access "Tests" "python-patterns" is accessed first; similarly, to access "Behavioral," "python-patterns" is accessed first, followed by accessing "Tests"); automatically constructing an Active Path as a sequence of hierarchical active links as items are selected using the graphical user menu system without the need for any additional interaction with the graphical user system (e.g., the '411 Accused Instrumentalities automatically construct an active path (e.g., "python-patterns—Tests—Behavioral") as a sequence of hierarchical active links as items are selected (e.g., as "Tests" and "Behavioral" are selected)), with one said active link corresponding to each of the items selected (e.g., the '411

Accused Instrumentalities' active path "python-patterns—Tests—Behavioral—test_observer.py" corresponds to each of the items selected, including "Tests" and "Behavioral") as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

31.    Also, each active link in the '411 Accused Instrumentalities is independently selectable thereby providing direct access to the hierarchical level from which the corresponding item was selected without the need to navigate using said graphical user menu system (e.g., in the example above, the active link "Behavioral" is independently selectable, thereby providing direct access to the hierarchical level from which "Behavioral" was selected without the need to navigate using Jetbrains' graphical user menu system; as another example, the active link "Tests" is independently selectable to thereby providing direct access to the hierarchical level from which "Tests" was selected without the need to navigate using Jetbrains' graphical user menu system).

32.    The '411 Accused Instrumentalities' active path is displayed as an alternative to the graphical user menu system for navigating the multi-level hierarchical collapsing menu

structure after the user has finished selecting items using the graphical user system (e.g., the '411 Accused Instrumentalities display the Active Path as an alternative to Defendant's graphical user menu system for navigating the multi-level hierarchical collapsing menu structure after the user has finished selecting items, such as "Tests" and "Behavioral" using Jetbrains' graphical user menu system such that Jetbrains' Active Path is displayed after the multi-level hierarchical collapsing menu structure has collapsed) such that the Active Path is displayed after the multi-level hierarchical collapsing menu structure has collapsed (e.g., the Active Path is displayed after the multi-level hierarchical collapsing menu structure showing "Project" has collapsed) as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

33.     On information and belief, in the '411 Accused Instrumentalities, pre-selecting a given active link triggers the display of sibling menu items on the level associated with said given active link without disturbing the displayed Active Path (e.g., pre-selecting the "Tests" active link triggers the display of sibling menu items, such as ".github," "Patterns" and "Venv," without disturbing the displayed Active Path).

34.     Discovery is expected to uncover the full extent of Defendant's infringement of the '411 Patent beyond the '411 Accused Instrumentalities already identified through public information.

35.    Upon information and belief, Defendant has induced and continues to induce others to infringe at least Claim 1 of the '411 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's new, current, and prospective users, partners, customers and other third parties, whose use of the '411 Accused Instrumentalities constitutes direct infringement of at least Claim 1 of the '411 Patent.

36.    In particular, Defendant's actions that aid and abet others such as its new, current, and prospective users, partners, customers and third parties to infringe include advertising the '411 Accused Instrumentalities.  On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '411 Patent and knowledge that its acts were inducing infringement of the '411 Patent since on or about June 28, 2021, the date on which Defendant received notice from Plaintiffs that such activities infringed the '411 Patent.

37.    Defendant's acts of inducement include, without limitation: providing the '411 Accused Instrumentalities to its new, current, and prospective users, partners, and customers, and other third parties and intending them to use the '411 Accused Instrumentalities that enable and/or make use of content published therein; encouraging customers and other third parties to communicate directly with Defendant's representatives about the '411 Accused Instrumentalities and content published therein for purposes of technical assistance as well as sales and marketing (*see, e.g.*, https://www.Jetbrains.com/help/pycharm/settings-editor-breadcrumbs.html (providing consumers with a technical support portal through which technical issues and concerns regarding the '411 Accused Instrumentalities can be addressed); *see, e.g.*,

https://www.Jetbrains.com/help/pycharm/getting-help.html (providing contact information for technical support regarding the '411 Accused Instrumentalities); *see also id.* (providing a community platform for discussing the '411 Accused Instrumentalities or content published therein); *see also* https://www.facebook.com/PyCharm (encouraging customers and other third parties to use the '411 Accused Instrumentalities to develop); *see also* https://www.youtube.com/watch?v=NoDx0MEESDw (recommending potential customers and other third parties use the '411 Accused Instrumentalities to program and write code); *see also* providing press releases encouraging customers and other third parties to use the '411 Accused Instrumentalities to develop software (for example, providing an URL (www.Jetbrains.com) to the "Jetbrains" main webpage that offers the '411 Accused Instrumentalities for sale).

38.    Defendant performed acts of inducement despite its actual knowledge since at least Plaintiffs' June 28, 2021 notice letter and its knowledge that the specific actions it actively induced and continues to actively induce on the part of its users, partners, and customers, and other third parties constitute infringement of the '411 Patent.  At the very least, because Defendant has been, and remains, on notice of the '411 Patent and the accused infringement, it has been, and remains, willfully blind regarding the infringement that it has induced and continues to induce.

39.    On information and belief, Defendant has contributed to, continues to contribute to, and jointly infringes at least Claim 1 of the '411 Patent pursuant to 35 U.S.C. § 271(c) by providing the '411 Accused Instrumentalities that have jointly contributed to, contributed to, and continue to contribute to the direct infringement of new, current, and prospective users, partners, customers and other third parties with the knowledge (at least as of June 28, 2021, the date on which Defendant received Plaintiffs' June 28, 2021, notice letter) that the '411 Accused

Instrumentalities are especially made or adapted for use in an infringement of the '411 Patent. For example, by providing the web pages, software, and services identified above, Defendant contributes to the direct infringement of users and jointly infringes said web pages, software, and services. The '411 Accused Instrumentalities are material components or apparatuses for use in practicing the '411 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

40. For example, the '411 Accused Instrumentalities provide a graphical user menu system through which a user can navigate within a multi-level hierarchical collapsing system according to the claimed invention(s). Defendant supplied, and continues to supply, the '411 Accused Instrumentalities, or components or apparatuses thereof, with the knowledge of the '411 Patent and with the knowledge that these components or apparatuses constitute critical and material parts of the claimed inventions of the '411 Patent. Moreover, Defendant knows at least by virtue of its knowledge of its own products and services and the '411 Patent that the '411 Accused Instrumentalities are especially made and/or especially adapted for use as claimed in the '411 Patent and there is no substantial non-infringing use of these components or apparatuses.

41. Additionally or alternatively, to the extent any third parties or end-users perform are required to perform one or more steps recited in claim 1 of the '411 patent, any such action by third parties and/or end-users is attributable to Defendant, such that Defendant is liable for jointly infringing such claims in a multiple actor or joint infringement situation, because Defendant directs or controls the other actor(s). In this regard, Defendant conditions participation in activities, as well as the receipt of benefits, upon performance of any such step by any such third party or end user. Defendant exercises and/or directs control over the one or more steps performed by the '411 Accused Instrumentalities, by exercising sole direction over

the entire infringing process (e.g., by conditioning participation by such third parties and/or end-users through the use of the '411 Accused Instrumentalities as the primary means of navigation)—and benefits from third parties' and/or end-users' use, including, without limitation, creating and receiving ongoing revenue streams from its goods and/or services sold through the use of the '411 Accused Instrumentalities, improving, enhancing, promoting, or advertising its or theirs products and services, through the use of the '411 Accused Instrumentalities, including its website and navigation structures, improving user experience and engagement, improving web page performance, and/or increasing cross-sell conversion opportunities. End-users and third parties receive a benefit from fiscal gains (e.g., customers, partners, visitors, and/or users increasing the value of their own products and/or services through the use of the '411 Accused Instrumentalities) and enhanced navigation (e.g., end-users and third parties are able to navigate to find, locate, and/or discover existing and/or new products and services), including receiving clear orientation cues to help third parties and/or end-users identify their exact location within products implementing the '411 Accused Instrumentalities, and/or finding existing products/services, learning about new ones, and/or discovering other products or services not previously known to those third parties and/or end-users (and/or their customers and/or users), and doing so with greater ease and control. Defendant also establishes the manner and timing of that performance by such third-parties and/or end-users, as dictated by the claimed method—by deploying the accused functionalities as the primary means of navigation for browsing and reviewing content for websites, databases, and/or folder structures implementing the '411 Accused Instrumentalities. All third-party and end-user involvement, if any, is incidental, ancillary, or contractual.

42.     Defendant has directly, indirectly and/or jointly infringed the '411 Patent and is thus liable for infringement of the '411 Patent pursuant to 35 U.S.C. § 271.

43.     Plaintiffs have suffered, and continue to suffer, damages as a result of Defendant's infringement of the '411 Patent.

44.     Defendant has continued to infringe the '411 Patent since at least June 28, 2021 (the date on which Defendant received Plaintiffs' June 28, 2021, notice letter) despite being on notice of the '411 Patent and its infringement.  Defendant has therefore infringed the '411 Patent knowingly, willfully, deliberately, and in disregard of Plaintiffs' patent rights since at least June 28, 2021 (the date on which Defendant received Plaintiffs' June 28, 2021, notice letter), at least by infringing with actual knowledge of its direct and indirect infringement or while remaining willfully blind to the fact of its direct and indirect infringement.  As a result of at least this conduct, Plaintiffs are entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

45.     Plaintiffs reserve the right to modify its infringement theories as discovery progresses in this case.  Plaintiffs shall not be estopped for purposes of its infringement contentions or its claim constructions by the foregoing discussions on how the '411 Accused Instrumentalities infringe the '411 Patent.  Plaintiffs intend only that the foregoing discussions satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that they should not be construed as Plaintiffs' preliminary or final infringement contentions or preliminary or final claim construction positions.

### COUNT II - INFRINGEMENT OF U.S. PATENT NO. 7,640,517

46.     Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

47.     The '517 Patent is directed to systems and methods for navigating within a hierarchical menu structure, as described and claimed in the '517 Patent.

48.     Defendant has and continues to directly infringe at least Claim 1 of the '517 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) applications designed to assist in and enhance the writing, editing, and debugging of code, including, without limitation, Integrated Development Environments ("IDEs") and content offered for sale and use via https://www.Jetbrains.com/ (including all sub-web pages) and maintained on servers located in and/or accessible from the United States under the control of Defendant; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to users through a desktop application, including, but not limited to Jetbrains' WebStorm application, the SCSS Breadcrumbs plugin, the BashSupport Pro plugin, and the XQuery IntelliJ plugin, and; Jetbrains' integrated development environmental applications Intellij IDEA, Clion, GoLand, Pycharm and PhpStorm, and the Neos Support plugin; (iii) services including, without limitation, services that store, serve, and/or run any of the foregoing or that allows navigating within a multi-level hierarchical collapsing menu structure, where each level in the menu structure contains plural items, each item being at least one of a function, a pointer to a location, and a pointer to another level (hereinafter, the "'517 Accused Instrumentalities") as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at

https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

49. PyCharm is an emblematic example of the software and navigation features provided by Jetbrains in their IDE software applications. It utilizes the same hierarchical menu structure found in virtually all of Jetbrain's IDEs, including without limitation, IntelliJ, WebStorm, GoLand, Clion, PhpStorm, Rider, Rubymine, and Appcode. All of the aforementioned Jetbrains products infringe in the same manner as PyCharm because they provide the same accused functionalities. PyCharm is used as a representative example for all of Defendant's infringing products mentioned above.

50.     By way of example, the '517 Accused Instrumentalities provide a method for navigating within a hierarchical menu structure where each level in the menu contains plural items as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at

https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

51.      More specifically, the '517 Accused Instrumentalities provide a graphical user

menu system displaying the items of a given level and enabling selection thereof (e.g., "Python-

Patterns" displays and enables selection of items of a given level, such as "Tests" and items

within that same level), wherein access of said given level requires sequential access of each of

the levels preceding said given level in the hierarchy (e.g., to access "Tests," "Python-Patterns"

is accessed first; similarly, to access "Behavioral" "Tests" is accessed first); and constructing an

Active Path as a sequence of hierarchical active links as items are selected using the graphical

user menu system (e.g., the '517 Accused Instrumentalities construct an active path (e.g.,

"Python-Patterns—Tests—Behavioral") as a sequence of hierarchical active links as items are

selected (e.g., as "Tests" and "Behavioral" are selected)), with one said active link corresponding

to each of the items selected, each said active link providing direct access to the hierarchical level from which the corresponding item was selected without using said graphical user menu system (e.g., the '517 Accused Instrumentalities' active path "Python-Patterns—Tests—Behavioral" corresponds to each of the items selected, including "Tests" and "Behavioral," each link providing direct access to the hierarchical level from which "Tests" or "Behavioral" was selected without using Defendant's graphical user menu system) as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

52.     Also, the '517 Accused Instrumentalities display the Active Path as an alternative to the graphical user menu system for navigating the menu structure after the user has finished selecting items using the graphical user system such that the Active Path is displayed (e.g., the '517 Accused Instrumentalities display the Active Path as an alternative to Defendant's graphical user menu system for navigating the menu structure after the user has finished selecting items, such as "Tests" and "Behavioral," using Jetbrains' graphical user menu system such that Jetbrains' Active Path is displayed) as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

53.     On information and belief, in the '517 Accused Instrumentalities, pre-selecting a given active link with the pointer of a pointing device triggers the display of menu items on the hierarchical level associated with said given active link without disturbing the displayed Active Path (e.g., the '517 Accused Instrumentalities allow pre-selecting the link "Behavioral" with a mouse to trigger the display of menu items on the hierarchical level associated with "Tests" such as "Behavioral," "Creational," "Structural," and "test_hsm.py" without disturbing the displayed Active Path "Python Patterns–Tests") as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

Discovery is expected to uncover the full extent of Defendant's infringement of the '517 Patent beyond the '517 Accused Instrumentalities already identified through public information.

54.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least Claim 1 of the '517 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's new, current, and prospective users, partners, customers and other third parties, whose use of the '517 Accused Instrumentalities constitutes direct infringement of at least Claim 1 of the '517 Patent.

55.     In particular, Defendant's actions that aid and abet others such as its new, current, and prospective users, partners, customers and third parties to infringe include advertising the '517 Accused Instrumentality.  On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '517 Patent and knowledge that its acts were inducing infringement of the '517 Patent since at least June 28, 2021 (the date on which Defendant received Plaintiffs' June 28, 2021, notice letter) that such activities infringed the '517 Patent.

56.     Defendant's acts of inducement include, without limitation: providing the '517 Accused Instrumentalities to its new, current, and prospective users, partners, and customers, and other third parties and intending them to use the '517 Accused Instrumentalities that enable and/or make use of content published therein; encouraging customers and other third parties to communicate directly with Defendant's representatives about the '517 Accused Instrumentalities and content published therein for purposes of technical assistance as well as sales and marketing (*see, e.g.*, https://www.Jetbrains.com/help/pycharm/settings-editor-breadcrumbs.html (providing

consumers with a technical support portal through which technical issues and concerns regarding the '517 Accused Instrumentalities can be addressed); *see, e.g.*, https://www.Jetbrains.com/help/pycharm/getting-help.html (providing contact information for technical support regarding the '517 Accused Instrumentalities); *see also id.* (providing a community platform for discussing the '517 Accused Instrumentalities or content published therein); *see also* https://www.facebook.com/PyCharm (encouraging customers and other third parties to use the '517 Accused Instrumentalities to develop); *see also* https://www.youtube.com/watch?v=NoDx0MEESDw (recommending potential customers and other third parties use the '517 Accused Instrumentalities to program and write code); *see also* providing press releases encouraging customers and other third parties to use the '517 Accused Instrumentalities to develop software (for example, providing an URL (www.Jetbrains.com) to the "Jetbrains" main webpage that offers the '517 Accused Instrumentalities for sale).

57.    Defendant performed acts of inducement despite its actual knowledge since at least June 28, 2021 (the date on which Defendant received Plaintiffs' June 28, 2021, notice letter) and its knowledge that the specific actions it actively induced and continues to actively induce on the part of its users, partners, and customers, and other third parties constitute infringement of the '517 Patent.  At the very least, because Defendant has been, and remains, on notice of the '517 Patent and the accused infringement, it has been, and remains, willfully blind regarding the infringement that it has induced and continues to induce.

58.    On information and belief, Defendant has contributed to, continues to contribute to, and jointly infringes at least Claim 1 of the '517 Patent pursuant to 35 U.S.C. § 271(c) by providing the '517 Accused Instrumentalities that have jointly contributed to, contributed to, and continue to contribute to the direct infringement of new, current, and prospective users, partners,

customers and other third parties with the knowledge (at least as of June 28, 2021, the date on which Defendant received Plaintiffs' June 28, 2021, notice letter) that the '517 Accused Instrumentalities are especially made or adapted for use in an infringement of the '517 Patent. For example, by providing the web pages, software, and services identified above, Defendant contributes to the direct infringement of users and jointly infringes said web pages, software, and services. The '517 Accused Instrumentalities are material components or apparatuses for use in practicing the '517 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

59.     For example, the '517 Accused Instrumentalities provide a graphical user menu system through which a user can navigate within a multi-level hierarchical information structure according to the claimed invention(s). Defendant supplied, and continues to supply, the '517 Accused Instrumentalities, or components or apparatuses thereof, with the knowledge of the '517 Patent and with the knowledge that these components or apparatuses constitute critical and material parts of the claimed inventions of the '517 Patent. Moreover, Defendant knows at least by virtue of its knowledge of its own products and services and the '517 Patent that the '517 Accused Instrumentalities are especially made and/or especially adapted for use as claimed in the '517 Patent and there is no substantial non-infringing use of the '517 Accused Instrumentalities, or components or apparatuses thereof.

60.     Additionally, or alternatively, to the extent any third parties or end-users perform are required to perform one or more steps recited in claim 1 of the '517 patent, any such action by third parties and/or end-users is attributable to Defendant, such that Defendant is liable for jointly infringing such claims in a multiple actor or joint infringement situation, because Defendant directs or controls the other actor(s). In this regard, Defendant conditions

participation in activities, as well as the receipt of benefits, upon performance of any such step

by any such third party or end user.  Defendant exercises and/or directs control over the one or

more steps performed by the '517 Accused Instrumentalities, by exercising sole direction over

the entire infringing process (e.g., by conditioning participation by such third parties and/or end-

users through the use of the '517 Accused Instrumentalities as the primary means of

navigation)—and benefits from third parties' and/or end-users' use, including, without

limitation, creating and receiving ongoing revenue streams from its goods and/or services sold

through the use of the '517 Accused Instrumentalities, improving, enhancing, promoting, or

advertising its or theirs products and services, through the use of the '517 Accused

Instrumentalities, including its website and navigation structures, improving user experience and

engagement, improving web page performance, and/or increasing cross-sell conversion

opportunities.  End-users and third parties receive a benefit from fiscal gains (e.g., customers,

partners, visitors, and/or users increasing the value of their own products and/or services through

the use of the '517 Accused Instrumentalities) and enhanced navigation (e.g., end-users and third

parties are able to navigate to find, locate, and/or discover existing and/or new products and

services), including receiving clear orientation cues to help third parties and/or end-users identify

their exact location within products implementing the '517 Accused Instrumentalities, and/or

finding existing products/services, learning about new ones, and/or discovering other products or

services not previously known to those third parties and/or end-users (and/or their customers

and/or users), and doing so with greater ease and control.  Defendant also establishes the manner

and timing of that performance by such third-parties and/or end-users, as dictated by the claimed

method—by deploying the accused functionalities as the primary means of navigation for

browsing and reviewing content for websites, databases, and/or folder structures implementing

the '517 Accused Instrumentalities.  All third-party and end-user involvement, if any, is incidental, ancillary, or contractual.

61.     Defendant has directly, indirectly, and/or jointly infringed the '517 Patent and is thus liable for infringement of the '517 Patent pursuant to 35 U.S.C. § 271.

62.     Plaintiffs have suffered, and continue to suffer, damages as a result of Defendant's infringement of the '517 Patent.

63.     Defendant has continued to infringe the '517 Patent since at least June 28, 2021 (the date on which Defendant received Plaintiffs' June 28, 2021, notice letter), despite being on notice of the '517 Patent and its infringement.  Defendant has therefore infringed the '517 Patent knowingly, willfully, deliberately, and in disregard of Plaintiffs' patent rights since at least June 28, 2021 (the date on which Defendant received Plaintiffs' June 28, 2021, notice letter), at least by infringing with actual knowledge of its direct and indirect infringement or while remaining willfully blind to the fact of its direct and indirect infringement.  As a result of at least this conduct, Plaintiffs are entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

64.     Plaintiffs reserve the right to modify its infringement theories as discovery progresses in this case.  Plaintiffs shall not be estopped for purposes of its infringement contentions or its claim constructions by the foregoing discussions on how the '517 Accused Instrumentalities infringe the '517 Patent.  Plaintiffs intend only that the foregoing discussions satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that they should not be construed as Plaintiffs' preliminary or final infringement contentions or preliminary or final claim construction positions.

## COUNT III - INFRINGEMENT OF U.S. PATENT NO. 8,352,880

65.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

66.    The '880 Patent is directed to systems and methods for navigating an information structure, as described and claimed in the '880 Patent.

67.    The '880 Patent is directed to systems and methods for navigating within a hierarchical menu structure where each level in the menu contains plural items, as described and claimed in the '880 Patent.

68.    Defendant has and continues to directly infringe at least Claim 1 of the '880 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) applications designed to assist in and enhance the writing, editing, and debugging of code, including, without limitation, Integrated Development Environments ("IDEs") and content offered for sale and use via https://www.Jetbrains.com/ (including all sub-web pages) and maintained on servers located in and/or accessible from the United States under the control of Defendant; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to users through a desktop application, including, but not limited to Jetbrains' WebStorm application, the SCSS Breadcrumbs plugin, the BashSupport Pro plugin, and the XQuery IntelliJ plugin, and; Jetbrains' integrated development environmental applications Intellij IDEA, Clion, GoLand, Pycharm and PhpStorm, and the Neos Support plugin; (iii) services including, without limitation, services that store, serve, and/or run any of the foregoing or that allows navigating within a multi-level hierarchical collapsing menu structure, where each level in the menu structure contains plural items, each item being at least one of a

function, a pointer to a location, and a pointer to another level (hereinafter, the "'880 Accused Instrumentalities") as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

69. PyCharm is an emblematic example of the software and navigation features provided by Jetbrains in their IDE software applications. It utilizes the same hierarchical menu structure found in virtually all of Jetbrain's IDEs, including without limitation, IntelliJ, WebStorm, GoLand, Clion, PhpStorm, Rider, Rubymine, and Appcode. All of the aforementioned Jetbrains products infringe in the same manner as PyCharm because they provide the same accused functionalities. PyCharm is used as a representative example for all of Defendant's infringing products mentioned above.

70.    By way of example, the '880 Accused Instrumentalities provide a method for navigating an information structure as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

71.    More specifically, the '880 Accused Instrumentalities provide a graphical menu interface displaying the items of a given level of the information structure and enabling selection thereof (e.g., "Python-Patterns" displays and enables selection of items of a given level, such as "Tests" and items within that same level); and dynamically constructing an Active Path as a sequence of active links as items are selected using the graphical user menu system (e.g., the '880 Accused Instrumentalities dynamically construct an active path (e.g., "Python-Patterns— Tests—Behavioral") as a sequence of active links as items are selected (e.g., as "Tests" and "Behavioral" are selected)), with one said active link corresponding to each of the items selected,

said active links providing direct access to one of a function, corresponding level and menu item without the need to navigate using said graphical user menu system (e.g., the '880 Accused Instrumentalities' active path "Python-Patterns—Tests—Behavioral" corresponds to each of the items selected, including "Tests" and "Behavioral") as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

72.    Also, the active links allow a user to access an item in the information structure by selecting from the one or more items displayed by one of the active links on the active path (e.g., the link "Behavioral" in the active path "Tests—Behavioral" allows a user to access an item in the information structure such as "Behavioral," "Creational," "Structural," and "test_hsm.py") as shown below:

*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at

https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

73.    Discovery is expected to uncover the full extent of Defendant's infringement of

the '880 Patent beyond the '880 Accused Instrumentalities already identified through public

information.

74.    Upon information and belief, Defendant has induced and continues to induce

others to infringe at least Claim 1 of the '880 Patent under 35 U.S.C. § 271(b) by, among other

things, and with specific intent or willful blindness, actively aiding and abetting others to

infringe, including but not limited to Defendant's new, current, and prospective users, partners,

customers and other third parties, whose use of the '880 Accused Instrumentalities constitutes

direct infringement of at least Claim 1 of the '880 Patent.

75.    In particular, Defendant's actions that aid and abet others such as its new, current,

and prospective users, partners, customers and third parties to infringe include advertising the

'880 Accused Instrumentality.  On information and belief, Defendant has engaged in such

actions with specific intent to cause infringement or with willful blindness to the resulting

infringement because Defendant has had actual knowledge of the '880 Patent and knowledge that its acts were inducing infringement of the '880 Patent since at least June 28, 2021 (the date on which Defendant received Plaintiffs' June 28, 2021, notice letter) that such activities infringed the '880 Patent.

76.     Defendant's acts of inducement include, without limitation: providing the '880 Accused Instrumentalities to its new, current, and prospective users, partners, and customers, and other third parties and intending them to use the '880 Accused Instrumentalities that enable and/or make use of content published therein; encouraging customers and other third parties to communicate directly with Defendant's representatives about the '880 Accused Instrumentalities and content published therein for purposes of technical assistance as well as sales and marketing (*see, e.g.*, https://www.Jetbrains.com/help/pycharm/settings-editor-breadcrumbs.html (providing consumers with a technical support portal through which technical issues and concerns regarding the '411 Accused Instrumentalities can be addressed); *see, e.g.*, https://www.Jetbrains.com/help/pycharm/getting-help.html (providing contact information for technical support regarding the '880 Accused Instrumentalities); *see also id.* (providing a community platform for discussing the '880 Accused Instrumentalities or content published therein); *see also* https://www.facebook.com/PyCharm (encouraging customers and other third parties to use the '411 Accused Instrumentalities to develop); *see also* https://www.youtube.com/watch?v=NoDx0MEESDw (recommending potential customers and other third parties use the '880 Accused Instrumentalities to program and write code); *see also* providing press releases encouraging customers and other third parties to use the '880 Accused Instrumentalities to develop software (for example, providing an URL (www.Jetbrains.com) to the "Jetbrains" main webpage that offers the '880 Accused Instrumentalities for sale).

77.    Defendant performed acts of inducement despite its actual knowledge since at least June 28, 2021 (the date on which Defendant received Plaintiffs' June 28, 2021, notice letter) and its knowledge that the specific actions it actively induced and continues to actively induce on the part of its users, partners, and customers, and other third parties constitute infringement of the '880 Patent.  At the very least, because Defendant has been, and remains, on notice of the '880 Patent and the accused infringement, it has been, and remains, willfully blind regarding the infringement that it has induced and continues to induce.

78.    On information and belief, Defendant has contributed to, continues to contribute to, and jointly infringes at least Claim 1 of the '880 Patent pursuant to 35 U.S.C. § 271(c) by providing the '880 Accused Instrumentalities that have jointly contributed to, contributed to, and continue to contribute to the direct infringement of new, current, and prospective users, partners, customers and other third parties with the knowledge (at least as of June 28, 2021, the date on which Defendant received Plaintiffs' June 28, 2021, notice letter) that the '880 Accused Instrumentalities are especially made or adapted for use in an infringement of the '880 Patent. For example, by providing the web pages, software, and services identified above, Defendant contributes to the direct infringement of users and jointly infringes said web pages, software, and services.  The '880 Accused Instrumentalities are material components or apparatuses for use in practicing the '880 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

79.    For example, the '880 Accused Instrumentalities provide a graphical user menu system through which a user can navigate an information structure or an apparatus for navigating an information structure according to the claimed invention(s).  Defendant supplied, and continues to supply, the '880 Accused Instrumentalities, or components or apparatuses thereof,

with the knowledge of the '880 Patent and with the knowledge that these components or apparatuses constitute critical and material parts of the claimed inventions of the '880 Patent. Moreover, Defendant knows at least by virtue of its knowledge of its own products and services and the '880 Patent that the '880 Accused Instrumentalities are especially made and/or especially adapted for use as claimed in the '880 Patent and there is no substantial non-infringing use of these components or apparatuses.

80. Additionally, or alternatively, to the extent any third parties or end-users perform are required to perform one or more steps recited in claim 1 of the '880 patent, any such action by third parties and/or end-users is attributable to Defendant, such that Defendant is liable for jointly infringing such claims in a multiple actor or joint infringement situation, because Defendant directs or controls the other actor(s).  In this regard, Defendant conditions participation in activities, as well as the receipt of benefits, upon performance of any such step by any such third party or end user.  Defendant exercises and/or directs control over the one or more steps performed by the '880 Accused Instrumentalities, by exercising sole direction over the entire infringing process (e.g., by conditioning participation by such third parties and/or end-users through the use of the '880 Accused Instrumentalities as the primary means of navigation)—and benefits from third parties' and/or end-users' use, including, without limitation, creating and receiving ongoing revenue streams from its goods and/or services sold through the use of the '880 Accused Instrumentalities, improving, enhancing, promoting, or advertising its or theirs products and services, through the use of the '880 Accused Instrumentalities, including its website and navigation structures, improving user experience and engagement, improving web page performance, and/or increasing cross-sell conversion opportunities.  End-users and third parties receive a benefit from fiscal gains (e.g., customers,

partners, visitors, and/or users increasing the value of their own products and/or services through

the use of the '880 Accused Instrumentalities) and enhanced navigation (e.g., end-users and third

parties are able to navigate to find, locate, and/or discover existing and/or new products and

services), including receiving clear orientation cues to help third parties and/or end-users identify

their exact location within products implementing the '880 Accused Instrumentalities, and/or

finding existing products/services, learning about new ones, and/or discovering other products or

services not previously known to those third parties and/or end-users (and/or their customers

and/or users), and doing so with greater ease and control.  Defendant also establishes the manner

and timing of that performance by such third-parties and/or end-users, as dictated by the claimed

method—by deploying the accused functionalities as the primary means of navigation for

browsing and reviewing content for websites, databases, and/or folder structures implementing

the '880 Accused Instrumentalities.  All third-party and end-user involvement, if any, is

incidental, ancillary, or contractual.

81.     Defendant has directly, indirectly and/or jointly infringed the '880 Patent and is

thus liable for infringement of the '880 Patent pursuant to 35 U.S.C. § 271.

82.     Plaintiffs have suffered, and continue to suffer, damages as a result of

Defendant's infringement of the '880 Patent.

83.     Defendant has continued to infringe the '880 Patent since at least June 28, 2021

(the date on which Defendant received Plaintiffs' June 28, 2021, notice letter) despite being on

notice of the '880 Patent and its infringement.  Defendant has therefore infringed the '880 Patent

knowingly, willfully, deliberately, and in disregard of Plaintiffs' patent rights since at least June

28, 2021 (the date on which Defendant received Plaintiffs' June 28, 2021, notice letter), at least

by infringing with actual knowledge of its direct and indirect infringement or while remaining

willfully blind to the fact of its direct and indirect infringement.  As a result of at least this

conduct, Plaintiffs are entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees

and costs under 35 U.S.C. § 285.

84.     Plaintiffs reserve the right to modify its infringement theories as discovery

progresses in this case.  Plaintiffs shall not be estopped for purposes of its infringement

contentions or its claim constructions by the foregoing discussions on how the '880 Accused

Instrumentalities infringe the '880 Patent.  Plaintiffs intend only that the foregoing discussions

satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that

they should not be construed as Plaintiffs' preliminary or final infringement contentions or

preliminary or final claim construction positions.

### COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 10,037,127

85.     Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth

herein.

86.     The '127 Patent is directed to systems and methods for navigating an information

structure, as described and claimed in the '127 Patent.

87.     The '127 Patent is directed to systems and methods for navigating an information

structure, as described and claimed in the '127 Patent.

88. Defendant has and continues to directly infringe at least Claim 14 of the '127 Patent,

in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a),

literally or under the doctrine of equivalents, by, among other things, by making, using, selling,

offering to sell, and/or importing in or into the United States, without authority: (i) applications

designed to assist in and enhance the writing, editing, and debugging of code, including, without

limitation, Integrated Development Environments ("IDEs") and content offered for sale and use

via https://www.Jetbrains.com/ (including all sub-web pages) and maintained on servers located in and/or accessible from the United States under the control of Defendant; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to users through a desktop application, including, but not limited to Jetbrains' WebStorm application, the SCSS Breadcrumbs plugin, the BashSupport Pro plugin, and the XQuery IntelliJ plugin, and; Jetbrains' integrated development environmental applications Intellij IDEA, Clion, GoLand, Pycharm and PhpStorm, and the Neos Support plugin; (iii) services including, without limitation, services that store, serve, and/or run any of the foregoing or that allows navigating within a multi-level hierarchical collapsing menu structure, where each level in the menu structure contains plural items, each item being at least one of a function, a pointer to a location, and a pointer to another level (hereinafter, the "'127 Accused Instrumentalities") as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

89. PyCharm is an emblematic example of the software and navigation features provided by Jetbrains in their IDE software applications. It utilizes the same hierarchical menu structure found in virtually all of Jetbrain's IDEs, including without limitation, IntelliJ, WebStorm, GoLand, Clion, PhpStorm, Rider, Rubymine, and Appcode. All of the aforementioned Jetbrains products infringe in the same manner as PyCharm because they provide the same accused functionalities. PyCharm is used as a representative example for all of Defendant's infringing products mentioned above.

90.     By way of example, the '127 Accused Instrumentalities provide a method for navigating an information structure as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

91.     More specifically, the '127 Accused Instrumentalities provide a graphical menu interface displaying the items of a given level of the information structure and enabling selection thereof (e.g., "Python-Patterns" displays and enables selection of items of a given level, such as "Tests"); dynamically construct an active path as a sequence of active links after an item of the information structure has been selected (e.g., the '127 Accused Instrumentalities dynamically construct an active path (e.g., "Python-Patterns—Tests—Behavioral") as a sequence of active links after an item of the information structure has been selected (e.g., as "Tests" and "Behavioral" are selected)); upon provisional selection of a given one of said active links, display one or more items on a given level of the information structure associated with said provisionally selected active link without affecting the active path (e.g., the '127 Accused Instrumentalities displays one or more items under "Tests" such as "Behavioral," "Creational," "Structural," and "test_hsm.py"  without affecting the active path "Python-Patterns—Tests—Behavioral") as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

92.     Also, the '127 Accused Instrumentalities allow a user to access an item in the information structure by selecting the item from the one or more items displayed by one of the active links on the active path, wherein a function is associated with at least one of said active links (e.g., the "Tests" link in the active path "Python-Patterns—Tests—Behavioral" allows a user to access an item in the information structure such as "Behavioral," "Creational," "Structural," and "test_hsm.py" by selecting from the one or more items displayed by "Tests" where it is associated with a function such as displaying sibling menus or directing user to certain content) as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

93.     Discovery is expected to uncover the full extent of Defendant's infringement of the '127 Patent beyond the '127 Accused Instrumentalities already identified through public information.

94.    Upon information and belief, Defendant has induced and continues to induce others to infringe at least Claim 14 of the '127 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's new, current, and prospective users, partners, customers and other third parties, whose use of the '127 Accused Instrumentalities constitutes direct infringement of at least Claim 1 of the '127 Patent.

95.    In particular, Defendant's actions that aid and abet others such as its new, current, and prospective users, partners, customers and third parties to infringe include advertising the '127 Accused Instrumentality.  On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '127 Patent and knowledge that its acts were inducing infringement of the '127 Patent since at least June 28, 2021 (the date on which Defendant received Plaintiffs' June 28, 2021, notice letter) that such activities infringed the '127 Patent.

96.    Defendant's acts of inducement include, without limitation: providing the '127 Accused Instrumentalities to its new, current, and prospective users, partners, and customers, and other third parties and intending them to use the '127 Accused Instrumentalities that enable and/or make use of content published therein; encouraging customers and other third parties to communicate directly with Defendant's representatives about the '127 Accused Instrumentalities and content published therein for purposes of technical assistance as well as sales and marketing (*see, e.g.*, https://www.Jetbrains.com/help/pycharm/settings-editor-breadcrumbs.html (providing consumers with a technical support portal through which technical issues and concerns regarding the '411 Accused Instrumentalities can be addressed); *see, e.g.*,

https://www.Jetbrains.com/help/pycharm/getting-help.html (providing contact information for technical support regarding the '127 Accused Instrumentalities); *see also id.* (providing a community platform for discussing the '127 Accused Instrumentalities or content published therein); *see also* https://www.facebook.com/PyCharm (encouraging customers and other third parties to use the '127 Accused Instrumentalities to develop); *see also* https://www.youtube.com/watch?v=NoDx0MEESDw (recommending potential customers and other third parties use the '127 Accused Instrumentalities to program and write code); *see also* providing press releases encouraging customers and other third parties to use the '127 Accused Instrumentalities to develop software (for example, providing an URL (www.Jetbrains.com) to the "Jetbrains" main webpage that offers the '127 Accused Instrumentalities for sale).

97.    Defendant performed acts of inducement despite its actual knowledge since at least June 28, 2021 (the date on which Defendant received Plaintiffs' June 28, 2021, notice letter) and its knowledge that the specific actions it actively induced and continues to actively induce on the part of its users, partners, and customers, and other third parties constitute infringement of the '127 Patent.  At the very least, because Defendant has been, and remains, on notice of the '127 Patent and the accused infringement, it has been, and remains, willfully blind regarding the infringement that it has induced and continues to induce.

98.    On information and belief, Defendant has contributed to, continues to contribute to, and jointly infringes at least Claim 14 of the '127 Patent pursuant to 35 U.S.C. § 271(c) by providing the '127 Accused Instrumentalities that have jointly contributed to, contributed to, and continue to contribute to the direct infringement of new, current, and prospective users, partners, customers and other third parties with the knowledge (at least as of June 28, 2021, the date on which Defendant received Plaintiffs' June 28, 2021, notice letter) that the '127 Accused

Instrumentalities are especially made or adapted for use in an infringement of the '127 Patent. For example, by providing the web pages, software, and services identified above, Defendant contributes to the direct infringement of users and jointly infringes said web pages, software, and services. The '127 Accused Instrumentalities are material components or apparatuses for use in practicing the '127 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

99. For example, the '127 Accused Instrumentalities provide a graphical user menu system through which a user can navigate an information structure or an apparatus for navigating an information structure according to the claimed invention(s). Defendant supplied, and continues to supply, the '127 Accused Instrumentalities, or components or apparatuses thereof, with the knowledge of the '127 Patent and with the knowledge that these components or apparatuses constitute critical and material parts of the claimed inventions of the '127 Patent. Moreover, Defendant knows at least by virtue of its knowledge of its own products and services and the '127 Patent that the '127 Accused Instrumentalities are especially made and/or especially adapted for use as claimed in the '127 Patent and there is no substantial non-infringing use of these components or apparatuses.

100. Additionally, or alternatively, to the extent any third parties or end-users perform are required to perform one or more steps recited in claim 14 of the '127 patent, any such action by third parties and/or end-users is attributable to Defendant, such that Defendant is liable for jointly infringing such claims in a multiple actor or joint infringement situation, because Defendant directs or controls the other actor(s). In this regard, Defendant conditions participation in activities, as well as the receipt of benefits, upon performance of any such step by any such third party or end user. Defendant exercises and/or directs control over the one or

more steps performed by the '127 Accused Instrumentalities, by exercising sole direction over the entire infringing process (e.g., by conditioning participation by such third parties and/or end-users through the use of the '127 Accused Instrumentalities as the primary means of navigation)—and benefits from third parties' and/or end-users' use, including, without limitation, creating and receiving ongoing revenue streams from its goods and/or services sold through the use of the '127 Accused Instrumentalities, improving, enhancing, promoting, or advertising its or theirs products and services, through the use of the '127 Accused Instrumentalities, including its website and navigation structures, improving user experience and engagement, improving web page performance, and/or increasing cross-sell conversion opportunities.  End-users and third parties receive a benefit from fiscal gains (e.g., customers, partners, visitors, and/or users increasing the value of their own products and/or services through the use of the '127 Accused Instrumentalities) and enhanced navigation (e.g., end-users and third parties are able to navigate to find, locate, and/or discover existing and/or new products and services), including receiving clear orientation cues to help third parties and/or end-users identify their exact location within products implementing the '127 Accused Instrumentalities, and/or finding existing products/services, learning about new ones, and/or discovering other products or services not previously known to those third parties and/or end-users (and/or their customers and/or users), and doing so with greater ease and control.  Defendant also establishes the manner and timing of that performance by such third-parties and/or end-users, as dictated by the claimed method—by deploying the accused functionalities as the primary means of navigation for browsing and reviewing content for websites, databases, and/or folder structures implementing the '127 Accused Instrumentalities.  All third-party and end-user involvement, if any, is incidental, ancillary, or contractual.

101.    Defendant has directly, indirectly and/or jointly infringed the '127 Patent and is thus liable for infringement of the '127 Patent pursuant to 35 U.S.C. § 271.

102.    Plaintiffs have suffered, and continue to suffer, damages as a result of Defendant's infringement of the '127 Patent.

103.    Defendant has continued to infringe the '127 Patent since at least June 28, 2021 (the date on which Defendant received Plaintiffs' June 28, 2021, notice letter) despite being on notice of the '127 Patent and its infringement.  Defendant has therefore infringed the '127 Patent knowingly, willfully, deliberately, and in disregard of Plaintiffs' patent rights since at least June 28, 2021 (the date on which Defendant received Plaintiffs' June 28, 2021, notice letter), at least by infringing with actual knowledge of its direct and indirect infringement or while remaining willfully blind to the fact of its direct and indirect infringement.  As a result of at least this conduct, Plaintiffs are entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

104.    Plaintiffs reserve the right to modify its infringement theories as discovery progresses in this case.  Plaintiffs shall not be estopped for purposes of its infringement contentions or its claim constructions by the foregoing discussions on how the '127 Accused Instrumentalities infringe the '127 Patent.  Plaintiffs intend only that the foregoing discussions satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that they should not be construed as Plaintiffs' preliminary or final infringement contentions or preliminary or final claim construction positions.

## COUNT V - INFRINGEMENT OF U.S. PATENT NO. 11,182,053

105.    Plaintiffs incorporate and reallege the preceding paragraphs as if fully set forth herein.

106.    The '053 Patent is directed to a method for generating a plurality of graphical menu items for user selection, as described and claimed in the '053 Patent.

107.    Defendant has and continues to directly infringe at least Claim 1 of the '053 Patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) applications designed to assist in and enhance the writing, editing, and debugging of code, including, without limitation, Integrated Development Environments ("IDEs") and content offered for sale and use via https://www.Jetbrains.com/ (including all sub-web pages) and maintained on servers located in and/or accessible from the United States under the control of Defendant; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to users through a desktop application, including, but not limited to Jetbrains' WebStorm application, the SCSS Breadcrumbs plugin, the BashSupport Pro plugin, and the XQuery IntelliJ plugin, and; Jetbrains' integrated development environmental applications Intellij IDEA, Clion, GoLand, Pycharm and PhpStorm, and the Neos Support plugin; (iii) services including, without limitation, services that store, serve, and/or run any of the foregoing or that allows navigating within a multi-level hierarchical collapsing menu structure, where each level in the menu structure contains plural items, each item being at least one of a function, a pointer to a location, and a pointer to another level (hereinafter, the "'053 Accused Instrumentalities") as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

108.    PyCharm is an emblematic example of the software and navigation features provided by Jetbrains in their IDE software applications. It utilizes the same hierarchical menu structure found in virtually all of Jetbrain's IDEs, including without limitation, IntelliJ, WebStorm, GoLand, Clion, PhpStorm, Rider, Rubymine, and Appcode. All of the aforementioned Jetbrains products infringe in the same manner as PyCharm because they provide the same accused functionalities. PyCharm is used as a representative example for all of Defendant's infringing products mentioned above.

109.    By way of example, the '053 Accused Instrumentalities provide a method for generating a plurality of graphical menu items for user selection with each graphical menu item having one or more sibling menu items ( e.g., the '053 Accused Instrumentalities provide a

method for generating a plurality of graphical menu items for user selection with each graphical menu item having one or more sibling menu items (e.g., "Python-Patterns" for example includes "Tests," which includes "Behavioral," "Creational," "Structural," and "test_hsm.py") as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

110.    More specifically, the '053 Accused Instrumentalities provide one or more sibling menu items being on a first hierarchical level, at least one of the sibling menu items having one or more children menu items, the one or more children menu items being on a second hierarchical level different from the first hierarchical level (e.g., "Patterns" and ".Github" are sibling menu items on a first hierarchical level, with "Tests" menu item having one or more children menu items such as, "Behavioral," "Creational," and "Structural") as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at

https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

111.    Also, the '053 Accused Instrumentalities provides receiving user input selecting one or more of the graphical, sibling, or children menu items, wherein receiving user input includes receiving user input selecting one or more of the graphical sibling, or children menu items in a sequence (e.g., to access "Tests," "Python-Patterns" is accessed first; similarly, to access "Behavioral," "Tests" is accessed first, followed by accessing "Behavioral"); and includes receiving user input selecting a graphical menu item of the one or more graphical menu items followed by a sibling menu item of the one or more sibling menu items and subsequently a children menu item of the one or more sibling menu items; and in response to receiving the user input (e.g., selecting "Tests" menu item is followed by display of subsequent children menu items such as, "Behavioral," "Structural," and "Creational" in response to receiving user input).

112.    Specifically, the '053 Accused Instrumentalities provides constructing a graphical user interface that includes one or more selectable links arranged in accordance with the sequence, the one or more selectable links including a first, second and third selectable link, wherein constructing the graphical user interface comprises constructing the first selectable link for the selected graphical menu item followed by constructing the second selectable link for the selected sibling menu item and subsequently constructing the third selectable link for the selected children menu item (e.g., "Products" is the first selectable link, "Tests" is the second selectable link, and "Behavioral" is the third selectable link, and the first selectable link for the selected graphical menu item is followed by constructing the second selectable link for the selected sibling menu item and subsequently constructing the third selectable link for the selected children menu item) as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

113.    Also, the '053 Accused Instrumentalities provides each of the one or more selectable links representing one of the selected graphical, sibling, or children menu item and configured to, in response to selection of the selectable link, displaying at least one menu item of the plurality of graphical menu items, the one or more sibling menu items, or the one or more children menu items, wherein the at least one displayed menu item is in the same hierarchical level as the selected graphical, sibling or children menu item represented by the selectable link; provide, in the graphical user interface, the one or more sibling menu items within the first hierarchical level or the one or more children menu items within the second hierarchical level, and enable selection, via the graphical user interface, of the one or more sibling menu items within the first hierarchical level or the one or more children menu items within the second hierarchical level (e.g., selecting "Tests" via the graphical user interface displays one or more children menu items such as, "Behavioral," "Creational," and "Structural") as shown below:



*See, e.g.*, PyCharm Integrated Development Environment ("IDE"), available for download at https://www.Jetbrains.com/pycharm/ (last visited May 25, 2022) (annotated).

114.    Discovery is expected to uncover the full extent of Defendant's infringement of the '053 Patent beyond the '053 Accused Instrumentalities already identified through public information.

115.    Upon information and belief, Defendant has induced and continues to induce others to infringe at least Claim 1 of the '053 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's new, current, and prospective users, partners, customers and other third parties, whose use of the '053 Accused Instrumentalities constitutes direct infringement of at least Claim 1 of the '053 Patent.

116.    In particular, Defendant's actions that aid and abet others such as its new, current, and prospective users, partners, customers and third parties to infringe include advertising the '053 Accused Instrumentality.  On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting

infringement because Defendant has had actual knowledge of the '053 Patent and knowledge that its acts were inducing infringement of the '053 Patent since at least June 28, 2021 (the date on which Defendant received Plaintiffs' June 28, 2021, notice letter) that such activities infringed the '053 Patent.

117.    Defendant's acts of inducement include, without limitation: providing the '053 Accused Instrumentalities to its new, current, and prospective users, partners, and customers, and other third parties and intending them to use the '053 Accused Instrumentalities that enable and/or make use of content published therein; encouraging customers and other third parties to communicate directly with Defendant's representatives about the '053 Accused Instrumentalities and content published therein for purposes of technical assistance as well as sales and marketing (*see, e.g.*, https://www.Jetbrains.com/help/pycharm/settings-editor-breadcrumbs.html (providing consumers with a technical support portal through which technical issues and concerns regarding the '053 Accused Instrumentalities can be addressed); *see, e.g.*, https://www.Jetbrains.com/help/pycharm/getting-help.html (providing contact information for technical support regarding the '053 Accused Instrumentalities); *see also id.* (providing a community platform for discussing the '053 Accused Instrumentalities or content published therein); *see also* https://www.facebook.com/PyCharm (encouraging customers and other third parties to use the '053 Accused Instrumentalities to develop); *see also* https://www.youtube.com/watch?v=NoDx0MEESDw (recommending potential customers and other third parties use the '053 Accused Instrumentalities to program and write code); *see also* providing press releases encouraging customers and other third parties to use the '053 Accused Instrumentalities to develop software (for example, providing an URL (www.Jetbrains.com) to the "Jetbrains" main webpage that offers the '053 Accused Instrumentalities for sale).

118.    Defendant performed acts of inducement despite its actual knowledge since at least June 28, 2021 (the date on which Defendant received Plaintiffs' June 28, 2021, notice letter) and its knowledge that the specific actions it actively induced and continues to actively induce on the part of its users, partners, and customers, and other third parties constitute infringement of the '053 Patent.  At the very least, because Defendant has been, and remains, on notice of the '053 Patent and the accused infringement, it has been, and remains, willfully blind regarding the infringement that it has induced and continues to induce.

119.    On information and belief, Defendant has contributed to, continues to contribute to, and jointly infringes at least Claim 1 of the '053 Patent pursuant to 35 U.S.C. § 271(c) by providing the '053 Accused Instrumentalities that have jointly contributed to, contributed to, and continue to contribute to the direct infringement of new, current, and prospective users, partners, customers and other third parties with the knowledge (at least as of June 28, 2021, the date on which Defendant received Plaintiffs' June 28, 2021, notice letter) that the '053 Accused Instrumentalities are especially made or adapted for use in an infringement of the '053 Patent. For example, by providing the web pages, software, and services identified above, Defendant contributes to the direct infringement of users and jointly infringes said web pages, software, and services.  The '053 Accused Instrumentalities are material components or apparatuses for use in practicing the '053 Patent and are not staple articles of commerce suitable for substantial non-infringing use.

120.    For example, the '053 Accused Instrumentalities provide a graphical user menu system through which a user can navigate an information structure or a method for navigating an information structure according to the claimed invention(s).  Defendant supplied, and continues to supply, the '053 Accused Instrumentalities, or components or apparatuses thereof, with the

knowledge of the '053 Patent and with the knowledge that these components or apparatuses constitute critical and material parts of the claimed inventions of the '053 Patent. Moreover, Defendant knows at least by virtue of its knowledge of its own products and services and the '053 Patent that the '053 Accused Instrumentalities are especially made and/or especially adapted for use as claimed in the '053 Patent and there is no substantial non-infringing use of these components or apparatuses.

121.    Additionally, or alternatively, to the extent any third parties or end-users perform are required to perform one or more steps recited in claim 1 of the '053 patent, any such action by third parties and/or end-users is attributable to Defendant, such that Defendant is liable for jointly infringing such claims in a multiple actor or joint infringement situation, because Defendant directs or controls the other actor(s). In this regard, Defendant conditions participation in activities, as well as the receipt of benefits, upon performance of any such step by any such third party or end user. Defendant exercises and/or directs control over the one or more steps performed by the '053 Accused Instrumentalities, by exercising sole direction over the entire infringing process (e.g., by conditioning participation by such third parties and/or end-users through the use of the '053 Accused Instrumentalities as the primary means of navigation)—and benefits from third parties' and/or end-users' use, including, without limitation, creating and receiving ongoing revenue streams from its goods and/or services sold through the use of the '053 Accused Instrumentalities, improving, enhancing, promoting, or advertising its or theirs products and services, through the use of the '053 Accused Instrumentalities, including its website and navigation structures, improving user experience and engagement, improving web page performance, and/or increasing cross-sell conversion opportunities. End-users and third parties receive a benefit from fiscal gains (e.g., customers,

partners, visitors, and/or users increasing the value of their own products and/or services through the use of the '053 Accused Instrumentalities) and enhanced navigation (e.g., end-users and third parties are able to navigate to find, locate, and/or discover existing and/or new products and services), including receiving clear orientation cues to help third parties and/or end-users identify their exact location within products implementing the '053 Accused Instrumentalities, and/or finding existing products/services, learning about new ones, and/or discovering other products or services not previously known to those third parties and/or end-users (and/or their customers and/or users), and doing so with greater ease and control. Defendant also establishes the manner and timing of that performance by such third-parties and/or end-users, as dictated by the claimed method—by deploying the accused functionalities as the primary means of navigation for browsing and reviewing content for websites, databases, and/or folder structures implementing the '053 Accused Instrumentalities. All third-party and end-user involvement, if any, is incidental, ancillary, or contractual.

122.    Defendant has directly, indirectly, and/or jointly infringed the '053 Patent and is thus liable for infringement of the '053 Patent pursuant to 35 U.S.C. § 271.

123.    Plaintiffs have suffered, and continue to suffer, damages as a result of Defendant's infringement of the '053 Patent.

124.    Defendant has continued to infringe the '053 Patent since at least June 28, 2021 (the date on which Defendant received Plaintiffs' June 28, 2021, notice letter) despite being on notice of the '053 Patent and its infringement. Defendant has therefore infringed the '053 Patent knowingly, willfully, deliberately, and in disregard of Plaintiffs' patent rights since at least June 28, 2021 (the date on which Defendant received Plaintiffs' June 28, 2021, notice letter), at least by infringing with actual knowledge of its direct and indirect infringement or while remaining

willfully blind to the fact of its direct and indirect infringement.  As a result of at least this conduct, Plaintiffs are entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

Plaintiffs reserve the right to modify its infringement theories as discovery progresses in this case.  Plaintiffs shall not be estopped for purposes of its infringement contentions or its claim constructions by the foregoing discussions on how the '053 Accused Instrumentalities infringe the '053 Patent.  Plaintiffs intend only that the foregoing discussions satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure, and that they should not be construed as Plaintiffs' preliminary or final infringement contentions or preliminary or final claim construction positions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment for itself and against Defendant as follows:

a.    A judgment that Defendant has infringed, and continues to infringe, one or more claims of each of the Asserted Patents;

b.    A judgment that Defendant has induced infringement, and continues to induce infringement, of one or more claims of each of the Asserted Patents;

c.    A judgment that Defendant has contributed to, and continues to contribute, to the infringement of one or more claims of each of the Asserted Patents;

d.    A judgment that Defendant has jointly infringed one or more claims of each of the Asserted Patents;

e.    A judgment that Defendant has willfully infringed one or more claims of each of the Asserted Patents;

f.    A judgment awarding Plaintiffs all damages adequate to compensate for Defendant's infringement, and in no event less than a reasonable royalty for Defendant's acts of

infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

g.    A judgment awarding Plaintiffs treble damages pursuant to 35 U.S.C. § 284 as a result of Defendant's willful conduct;

h.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiffs their reasonable attorneys' fees; and

i.    A judgment awarding Plaintiffs such other relief as the Court may deem just and equitable.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of this action.

Dated: August 4, 2022                DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (DE Bar No. 4241)
Alex Chan  (*pro hac vice* forthcoming)
Texas State Bar No. 24108051
Veronica McCarty (DE Bar No. 6734)
1526 Gilpin Ave.
Wilmington, Delaware 19806
Telephone: (302) 449-9010
tdevlin@devlinlawfirm.com
achan@devlinlawfirm.com
vmccarty@devlinlawfirm.com

*Attorneys for Plaintiffs,*
*Caddo Systems, Inc. and 511 Technologies, Inc.*