IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CADDO SYSTEMS, INC. and 511 TECHNOLOGIES, INC.,

Plaintiffs,

v.

JETBRAINS AMERICAS INC., JETBRAINS INCORPORATED and JETBRAINS S.R.O.,

Defendants.

C. A. No. 22-1033-JLH-LDH

FILED

SEP - 6 2024

U.S. DISTRICT COURT DISTRICT OF DELAWARE

**REPORT AND RECOMMENDATION**

Pending before the Court are the parties' claim construction disputes related to terms in United States Patent Nos. 7,191,411 (the "'411 patent"), 7,640,517 (the "'517 patent"), 8,352,880 (the "'880 patent"), 10,037,127 (the "'127 patent"), and 11,182,053 ("'053 patent").[1] On April 12, 2024, this case was referred to me "for all purposes up through and including summary judgment, and the pending motion(s)." (D.I. 188). On June 5, 2024, I held a *Markman* Hearing (Tr. __"). I now recommend that the Court adopt the constructions set forth below.

The parties agreed on the construction of four claim terms. (*See* D.I. 199-1, 226). In accordance with the parties' agreement, I recommend that the terms be construed as follows:

---

1 Herein, "parties" refers to Plaintiffs Caddo Systems. Inc. and 511 Technologies, Inc., and Defendant JetBrains Americas Inc. Defendants JetBrains Incorporated and JetBrains S.R.O. were served the Second Amended Complaint after the parties completed briefing on claim construction. (D.I. 190, 191).

| | Term | Court's Construction |
|---|---|---|
| 1 | "multi-level hierarchical collapsing menu structure"<br><br>('411 patent, claim 1) | a hierarchical menu structure having more than one level where the menu collapses after a selection of a menu item is made |
| 2 | "access of said given level requires sequential access of each of the levels preceding said given level in the hierarchy"<br><br>('411 patent, claim 1; '517 patent, claim 1) | access of the given level requires sequential access through each of the levels preceding the given level in the hierarchy |
| 3 | "one said active link corresponding to each of the items selected"<br><br>('411 patent, claim 1; '517 patent, claim 1) | one active link corresponds to an item selected |
| 4 | "a plurality of graphical menu items"<br><br>('053 patent, claims 1–6, 16, and 17) | more than one graphical menu item |

I recommend that the following disputed claim terms be construed as follows:

| | Term | Court's Construction |
|---|---|---|
| 1 | "each level in the menu contains plural items"<br><br>('411 patent, claim 1; '517 patent, claim 1) | Preamble limiting; "each level in the menu contains more than one item" |
| 2 | "Active Path"<br><br>('411 patent, claims 1-4, 6; '517 patent, claims 1–6; '880 patent, | "a sequence of links created as a menu system is navigated" |

| | | |
|---|---|---|
| | claims 1, 6–9; '127 patent, claims 1–25) | |
| 3 | "each said active link being independently selectable thereby providing direct access to the hierarchical level from which the corresponding item was selected"<br><br>('411 patent, claim 1; '517 patent, claim 1) | Plain and ordinary meaning. (The Court rejects Plaintiffs' proposed construction.) |
| 4 | "sibling menu items"<br><br>('411 patent, claims 1–4, 6; '517 patent, claims 3–4; '053 patent, claims 1–6, 16, and 17) | "menu items on a same or given level" |
| 5 | "browsing" ('517 patent, claims 3–4)<br><br>"provisionally selected" ('127 patent, claims 1 and 14)<br><br>"provisional selection" ('880 patent, claims 1, 10, and 11)<br><br>"pre-selecting" ('411 patent, claims 1 and 6)<br><br>"rolling over" ('517 patent, claims 1 and 3) | Plain and ordinary meaning. (The Court rejects Defendant's proposed construction.) |
| 6 | "display of menu items on the hierarchical level associated with said given active link"<br><br>('517 patent, claim 1) | Plain and ordinary meaning which is "display of menu items on the hierarchical level that relates to said given active link" |

## I. Legal Standards

The purpose of the claim construction process is to "determin[e] the meaning and scope of the patent claims asserted to be infringed." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967,

976 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). When the parties have an actual dispute regarding the proper scope of claim terms, their dispute must be resolved by the judge, not the jury. *Id.* at 979. The Court only needs to construe a claim term if there is a dispute over its scope, and it only needs to be construed to the extent necessary to resolve the dispute. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999).

"[T]here is no magic formula or catechism for conducting claim construction." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1324 (Fed. Cir. 2005) (en banc). There are, however, guiding principles. *Id.* "The inquiry into how a person of ordinary skill in the art understands a claim term provides an objective baseline from which to begin claim interpretation." *Id.* at 1313. In some cases, the ordinary meaning of a claim term, as understood by a person of ordinary skill in the art, is readily apparent even to a lay person and requires "little more than the application of the widely accepted meaning of commonly understood words." *Id.* at 1314. Where the meaning is not readily apparent, however, the court may look to "those sources available to the public that show what a person of skill in the art would have understood disputed claim language to mean." *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1116 (Fed. Cir. 2004). Those sources include "the words of the claims themselves, the remainder of the specification, the prosecution history, and extrinsic evidence concerning relevant scientific principles, the meaning of technical terms, and the state of the art." *Id.*

"The claims themselves provide substantial guidance as to the meaning of particular claim terms." *Phillips*, 415 F.3d at 1314. For example, "the context in which a term is used in the asserted claim can be highly instructive." *Id.* Considering other unasserted claims can also be helpful. *Id.* "For example, the presence of a dependent claim that adds a particular limitation

gives rise to a presumption that the limitation in question is not present in the independent claim." *Id.* at 1314–15.

In addition, the "claims must be read in view of the specification, of which they are a part." *Id.* at 1315 (quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996)). The specification "is always highly relevant to the claim construction analysis." *Id.* (quoting *Vitronics*, 90 F.3d at 1582). The specification may contain a special definition given to a claim term by the patentee, in which case, the patentee's lexicography governs. *Id.* at 1316. The specification may also reveal an intentional disclaimer or disavowal of claim scope. *Id.* However, "even when the specification describes only a single embodiment, the claims of the patent will not be read restrictively unless the patentee has demonstrated a clear intention to limit the claim scope using words or expressions of manifest exclusion or restriction." *Hill-Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1372 (Fed. Cir. 2014) (internal marks omitted).

Courts should also consider the patent's prosecution history. *Phillips*, 415 F.3d at 1317. It may inform "the meaning of the claim language by demonstrating how the inventor understood the invention and whether the inventor limited the invention in the course of prosecution, making the claim scope narrower than it would otherwise be." *Id.* Statements made by a patentee or patent owner during inter partes review may also be considered. *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed. Cir. 2017).

In appropriate cases, courts may also consider extrinsic evidence, which "consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises." *Markman*, 52 F.3d at 980. For example, dictionaries, especially technical dictionaries, can be helpful resources during claim construction by providing insight into commonly accepted meanings of a term to those of skill in the art. *Phillips*, 415 F.3d

at 1318. Expert testimony can also be useful "to ensure that the court's understanding of the technical aspects of the patent is consistent with that of a person of skill in the art, or to establish that a particular term in the patent or the prior art has a particular meaning in the pertinent field." *Id.*; *see also Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 331–32 (2015).

## II.   Discussion

### 1.   "each level in the menu contains plural items"

The first disputed term appears in claim 1 of both the '411 and '517 patents. For example, claim 1 of the '411 patent states:

> 1. A method for navigating within a multi-level hierarchical collapsing menu structure where each level in the menu contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to another level, said method comprising the steps of:
>
> providing a graphical user menu system displaying the items of a given level and enabling selection thereof, wherein access of said given level requires sequential access of each of the levels preceding said given level in the hierarchy;
>
> automatically constructing an Active Path as a sequence of hierarchical active links as items are selected using the graphical user menu system without the need for any additional interaction with the graphical user system, with one said active link corresponding to each of the items selected, each said active link being independently selectable thereby providing direct access to the hierarchical level from which the corresponding item was selected without the need to navigate using said graphical user menu system; and
>
> displaying the Active Path as an alternative to the graphical user menu system for navigating the multi-level hierarchical collapsing menu structure after the user has finished selecting items using the graphical user system such that the Active Path is displayed after the multi-level hierarchical collapsing menu structure has collapsed;
>
> wherein pre-selecting a given active link triggers the display of sibling menu items on the level associated with said given active link without disturbing the displayed Active Path.

The parties dispute only whether the term "each level in the menu contains plural items," which appears in the preamble, is limiting. (Tr. 3:14–24). The parties agree that if the preamble is limiting, then the term "plural items" means "more than one." (*Id.*).

Preambles generally do not limit claims. *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1346 (Fed. Cir. 2002). A preamble may, however, serve as a claim limitation in certain instances, such as when the preamble "recites essential structure or steps, or if it is 'necessary to give life, meaning, and vitality' to the claim." *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002) (quoting *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1305 (Fed. Cir. 1999)). A preamble may also be limiting when the claim limitations in the body of claim "rely upon and derive antecedent basis from the preamble." *Eaton Corp. v. Rockwell Int'l Corp.*, 323 F.3d 1332, 1339 (Fed. Cir. 2003). On the other hand, when the claim body recites a structurally complete invention and the preamble language is used merely to state the purpose or intended use of the invention, the preamble is generally not treated as limiting the scope of the claim. *Catalina*, 289 F.3d at 808; *see also Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 952 (Fed. Cir. 2006).

There is no "litmus test" for determining whether preamble language is limiting. *Catalina*, 289 F.3d at 808. Rather, whether the preamble is limiting is assessed in regard to "the facts of each case in light of the claim as a whole and the invention described in the patent." *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 831 (Fed. Cir. 2003); *see also Am. Med. Sys., Inc. v. Biolitec, Inc.*, 618 F.3d 1354, 1358 (Fed. Cir. 2010); *Catalina*, 289 F.3d at 808 ("Whether to treat a preamble as a limitation is a determination resolved only on review of the entire . . . patent to gain an understanding of what the inventors actually invented and intended to encompass by the claim.") (internal quotation marks and citation omitted).

The fact that certain terms in the preamble provide antecedent basis for terms in the claim's body, however, "is a strong indication that the preamble acts as a necessary component of the claimed invention." *Bio-Rad Lab'ys, Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1371 (Fed. Cir. 2020) (internal quotations omitted). *C.W. Zumbiel Co. v. Kappos* provides a good example. 702 F.3d 1371, 1385 (Fed. Cir. 2012). In *C.W. Zumbiel*, the preamble of representative claim 1 read: "An enclosed carton for carrying *a plurality of containers* in two rows, with a top row and a bottom row, said containers each having a diameter, the carton comprising. . . ." *Id.* (emphasis added). The body of claim 1 recited ". . . an opening . . . through which *the containers* may be removed." *Id.* (emphasis added). The Federal Circuit held that "a plurality of containers" as recited in the preamble was limiting because it provided antecedent basis for the term "containers" in the claim body. *Id.*

Applying the Federal Circuit's guidance and using *C.W. Zumbiel* as an example, I agree that the preamble is limiting. The recitation of "plural items" in the preamble provides antecedent basis for "the items" recited in the body of the claim. In doing so, "plural items" is "necessary to give life, meaning, and vitality" to the claim. As Plaintiffs agreed, whether "the items" in the claim body referred to "one or more" or "more than one" is ambiguous. (Tr. 7:15–23). But a POSA would understand what "the items" is referring to by looking at the term providing it antecedent basis. So, by referring to "plural items" in the preamble, a POSA would know that "the items" is "more than one" because "plural" means "more than one." For a similar reason, "plural items" recites essential structure for the claim body. For example, the body of claim 1 in the '411 patent discloses "a graphical user menu system displaying the items of a given level." The preamble explains just how many items are on a given level. It states that "each level in the menu contains plural items."

Therefore, I recommend the Court find "plural items" in the preamble limiting and adopt the parties' joint construction that "plural items" means "more than one item."

**2. "Active Path"**

The term "Active Path" appears in the '411 patent in claims 1 through 4 and 6, the '517 patent in claims 1 through 6, the '880 patent in claims 1 and 6 through 9, and the '127 patent in claims 1 through 25. For example, claim 1 of the '411 patent states:

> 1. A method for navigating within a multi-level hierarchical collapsing menu structure where each level in the menu contains plural items . . . said method comprising the steps of: ...
>
> automatically constructing an Active Path as a sequence of hierarchical active links as items are selected using the graphical user menu system without the need for any additional interaction with the graphical user system, with one said active link corresponding to each of the items selected, each said active link being independently selectable thereby providing direct access to the hierarchical level from which the corresponding item was selected without the need to navigate using said graphical user menu system; ...

Plaintiffs' proposed construction for "Active Path" is "a sequence listing of active links." Defendant proposes narrower constructions.

The asserted patents are directed to methods for navigating within a multi-level hierarchical collapsing menu structure. ('411 pat. at 2:28–30). Each level of the menu contains "plural items." (*Id.* at 2:28–37). As items are selected, the "Active Path" is constructed as a sequential listing of what the patent calls "active links." (*Id.* at 2:37–41). These active links correspond to an item selected. (*Id.*). The active links enable the user to directly access the level and items that correspond to a given level. (*Id.* at 2:41–43). This method, and by extension the "Active Path," allows for a more efficient way to navigate the hierarchical menu system. (*Id.* at 2:22–24).

Plaintiffs argue that the specification explicitly defines "Active Path" by citing excerpts from the patents' specifications that purportedly confine the "Active Path" to active links. (D.I. 179 at 30 (citing '411 pat. at 4:9–12 ("The Active Path 100 consists of a sequential listing of active links"); '880 pat. at 4:20–24 (same)). But as discussed above, the specification makes clear that the "Active Path" is not just a sequence of active links. It is a specific sequence assembled when (*i.e.* at the time of) navigating through a menu system. (*See* '411 pat. at 2:37–41 ("An Active Path is dynamically constructed as a sequence of active links as items are selected using the graphical user menu system, with one active link correspond to each of the items selected."); '517 pat. at 2:38–42 (same); '880 pat. at 2:41–44 (same)). Accordingly, I recommend the Court construe "Active Path" to mean "a sequence of links created as a menu system is navigated."

I also note that at least two other courts have similarly construed "Active Path" as recited in the in the '411, '517, '880, and '127 patents. Judge Albright of the U.S. District Court for the Western District of Texas construed "Active Path" to mean "a sequence of links dynamically created as a menu system is navigated." (D.I. 180-1). Similarly, Judge Young of the U.S. District Court for the District of Massachusetts construed "Active Path" to mean "a sequence of links constructed during menu navigation by the user." (D.I. 180-2 at 7). And, in fact, Judge Young's proposed construction was agreed to by Plaintiffs. (*Id.* ("The Court: 'A sequence of links constructed during menu navigation by the user.' Mr. Chan: I hate to say this. I'm fine with that[.]"). Thus, the "Active Path" is more than what Plaintiffs maintain it consists of. Judges Albright and Young appear to agree, and their constructions are consistent with mine here.

Accordingly, I recommend a construction consistent with those previously adopted (and even agreed to by Plaintiffs) that defines "Active Path" as "a sequence of links created as a menu system is navigated."

**3. "each said active link being independently selectable thereby providing direct access to the hierarchical level from which the corresponding item was selected"**

The next disputed term appears in claim 1 of the '411 and '517 patents. For example, claim 1 of the '411 patent states:

> 1. A method for navigating within a multi-level hierarchical collapsing menu structure where each level in the menu contains plural items . . . said method comprising the steps of:
>
> automatically constructing an Active Path as a sequence of hierarchical active links as items are selected using the graphical user menu system without the need for any additional interaction with the graphical user system, with one said active link corresponding to each of the items selected, each said active link being independently selectable thereby providing direct access to the hierarchical level from which the corresponding item was selected without the need to navigate using said graphical user menu system;

Defendant's proposed construction is "each active link corresponds to an item selected by the user, and provides direct access to the same hierarchical level of the item selected by the user through the same level in the hierarchical structure menu." Plaintiffs' assert that this construction "is unduly restrictive because it limits 'direct access' to the 'same hierarchical level,' even though the specification and the claims explicitly describe an active link as also having access to different levels of items." (D.I. 179 at 50). But Defendant only proposed "that each active link provide[] *direct access* to the same hierarchal level . . . not that it limits access to only the same hierarchal level." (*Id.* at 52 (emphasis added).) That should have ended the dispute.

Plaintiffs suggest that the active link can provide direct access to levels other than to the same hierarchical level of the item selected. (D.I. 179 at 53 ("102b provides direct access to the hierarchical levels 10b and 10c as reflected in Fig. 5A.")). But that can't be true under either the plain meaning or as the invention is described in the specification. (*See* '411 pat. at 4:46–5:11 ("Likewise, active link 102-b corresponds to menu item 12-b selected from level 10-b . . . . Rolling

over an active link 102-b causes the sibling menu items on the level corresponding the active link 102-b to be displayed."); *see also* '411 pat. at 4:10–12 ("[E]ach active link 102 provid[es] direct access to a corresponding level in the hierarchical path and to all of the menu items on the level (sibling menu items).")). Plaintiffs conceded as much at the *Markman* Hearing. (Tr. 33:13–33:15 ("[T]he items 12C through 12C4 [in Fig. 5c] are items associated with 12B. To get to those items, you have to go through 12B."); 38:23–39:14 ("[T]to get to 12C [in Figure 5c], for example, we have to have access to 12B.").) Therefore, Plaintiffs' interpretation of the plain and ordinary meaning is incorrect.

With that said, I believe that the disputed claim language is clear and requires no construction. The parties' proposed constructions inject ambiguity into the disputed term that is only more likely to confuse a jury. Accordingly, I recommend the Court give the disputed term its plain and ordinary meaning and clarify that Plaintiffs' interpretation of that plain and ordinary meaning is incorrect.

**4. "sibling menu items"**

"[S]ibling menu items" appears in claims 1 through 4 and 6 of the '411 patent, claims 3 through 4 of the '517 patents, and claims 1 through 6, 16, and 17 of the '053 patent. For example, claim 1 of the '411 patent recites in pertinent part:

> 1. A method for navigating within a multi-level hierarchical collapsing menu structure where each level in the menu contains plural items . . . said method comprising the steps of:
>
> wherein pre-selecting a given active link triggers the display of sibling menu items on the level associated with said given active link without disturbing the displayed Active Path.

The parties dispute whether "sibling menu items" refers to a relationship between the "menu items" themselves, consistent with Plaintiffs' construction, or whether "sibling menu items"

imposes a relationship between these items and the active link (i.e., "menu items" to be "on the same level" as the active link), consistent with Defendant's construction.

Defendant makes three arguments. First, Defendant argues that the claim language explicitly states that sibling menu items are "on the level associated with said given active link." (D.I. 179 at 56 (quoting '411 pat. at 8:14–15)). Second, Defendant argues the relationship between sibling menu items and the active links is apparent in the description of the active path. (*Id.* at 57 (citing '411 pat. at 4:9–12, 5:17–23, and 6:3–6)). And finally, Defendant argues that the relationship between sibling menu items and Active Path is described as important to improvement of user navigation. (*Id.* at 58 (citing '053 pat. at 4:46–52)). None of these arguments are persuasive.

The term "sibling menu items" does not require a relationship to "the same level" of the active link. The specification explains that "sibling menu items" refers to the relationship between the "menu items" themselves, and an active link merely provides access to these sibling items. (*See* '411 pat. at 4:10–12 ("each active link 102 providing direct access . . . to all of the menu items on the level (sibling menu items)."); '517 pat. at 4:8–10 (same), '053 pat. at 4:35–37 (same); *see also* '411 pat. at 5:17–21 ("[S]election will cause the sibling menu items 12 on the associated level 10 to be displayed . . . .")). The '053 patent makes this clear. The specification states that "[m]enu items 1.1, 1.2, 1.3 and 1.4 are termed siblings because they all fall within the same hierarchical level 10b." ('053 pat. at 4:24–26). Finally, the word "sibling" modifies "menu items," not "said given active link." So, even as a matter of grammar, Defendant's construction is incorrect.

Therefore, I recommend the Court construe "sibling menu items" to mean "menu items on a same or given level."

**5. "browsing" / "provisionally selected" / "provisional selection" / "preselecting" / "rolling over"**

The parties treated these terms together. They are "browsing" in claims 3 and 4 of the '517 patent, "provisionally selected" in claims 1 and 14 of the '127 patent, "provisional selection" in claims 1, 10, and 11 of the '880 patent, "preselecting" in claims 1 and 6 of the '411 patent, and "rolling over" in claims 1 and 3 of the '517 patent.

Defendant argues that all five terms mean the same thing: "rolling over without actively selecting by the user but with the ability to select." I understand Defendant's argument to mean this: in prior litigation involving a subset of the patents asserted here, the court construed the term "browsing" to mean "rolling over without selecting, but with the ability to select." (D.I. 179 at 64). "JetBrains agrees with the spirit of this construction" because the '880 patent distinguishes browsing from selecting, which requires actively choosing a menu item. (*Id.*). And because the patents and their prosecution histories equate browsing with the other terms in dispute here, all the disputed terms should be treated the same. (*Id.* at 64–67). I, however, conclude that such a construction is unnecessary and not supported by the specifications or prosecution histories.

First, the Federal Circuit has instructed that "[d]ifferent claim terms are presumed to have different meanings." *Bd. of Regents of the Univ. of Texas Sys. v. BENQ Am. Corp.*, 533 F.3d 1362, 1371 (Fed. Cir. 2008) (citing *CAE Screenplates Inc. v. Heinrich Fiedler GmbH & Co.*, 224 F.3d 1308, 1317 (Fed. Cir. 2000) ("In the absence of any evidence to the contrary, we must presume that the use of these different terms in the claims connotes different meanings.")). Here, neither the specifications nor prosecution histories equate the disputed terms. The specifications in both the '411 and '517 patents distinguish between "rolling over" and "browsing", disclosing that "[t]he user may better take advantage of the screen real-estate by rolling over and 'browsing' through the levels of the collapsing menu system." ('411 pat. at 6:61–63; '517 pat. at 6:56–58). Similarly, the

applicant distinguished these terms during prosecution when it amended the claims to include that an active link is "browsed by rolling over." (D.I. 180-7 at 3); *Phillips*, 415 F.3d at 1317. Finally, these are not terms of art that require any construction, and so, to the extent these terms have different meanings, their plan and ordinary meanings should prevail. While there may be some overlap between the terms, adopting one construction for all five terms would be improper.

Accordingly, I recommend the Court adopt the plain and ordinary meaning for each of the disputed terms.

**6. "display of menu items on the hierarchical level associated with said given active link"**

The final term is "display of menu items on the hierarchical level associated with said given active link." It appears in claim 1 of the '517 patent, which recites:

> 1. A method for navigating within a hierarchical menu structure where each level in the menu contains plural items, said method comprising the steps of
>
> providing a graphical user menu system displaying the items of a given level and enabling selection thereof, wherein access of said given level requires sequential access of each of the levels preceding said given level in the hierarchy:
>
> constructing an Active Path as a sequence of hierarchical active links as items are selected using the graphical user menu system, with one said active link corresponding to each of the items selected, each said active link providing direct access to the hierarchical level from which the corresponding item was selected without using said graphical user menu system; and
>
> displaying the Active Path as an alternative to the graphical user menu system for navigating the menu structure after the user has finished selecting items using the graphical user system such that the Active Path is displayed;
>
> wherein rolling over a given active link with the pointer of a pointing device triggers the display of menu items on the hierarchical level associated with said given active link without disturbing the displayed Active Path.

The parties raise a similar dispute with this term as with terms 3 and 4; that is, whether "display of menu items on the hierarchical level associated with said given active link" refers to display of menu items on "the same level" as the active link. Defendant argues that the Court "should construe this term because the meaning of 'associated with' is unclear." (D.I. 179 at 70). I disagree. Because the plain and ordinary meaning of this term is sufficiently clear, I recommend the Court give this term its plain and ordinary meaning: "display of menu items on the hierarchical level that relates to said given active link." (*See* '517 pat. at 4:47–5:5 ("Likewise, active link 102-b corresponds to menu item 12-b selected from level 10-b…. Rolling over an active link 102-b causes the sibling menu items on the level corresponding the active link 102-b to be displayed.")).

## III. CONCLUSION

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

Dated: September 6, 2024

Laura D. Hatcher
United States Magistrate Judge