**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CADDO SYSTEMS, INC. and 511 TECHNOLOGIES, INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) C.A. No. 22-1033-JLH-LDH |
| JETBRAINS AMERICAS, INC., JETBRAINS INCORPORATED, and JETBRAINS S.R.O., | ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

At Wilmington, this 31st day of March, 2025:

WHEREAS, Magistrate Judge Hatcher issued a Report and Recommendation (D.I. 346) on February 25, 2025, recommending that the Court grant Defendant JetBrains Americas Inc.'s ("JBA's") Motion for Summary Judgment (D.I. 269) and deny the remaining pending motions as moot;

WHEREAS, the R&R concluded that all the asserted claims are invalid under 35 U.S.C. § 101 because they are not directed to patent-eligible subject matter, *see Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208 (2014);

WHEREAS, on March 11, 2025, Plaintiffs filed objections (D.I. 351), arguing that (1) the Magistrate Judge erred at step one of the *Alice* test by "oversimplifying" the claims, (2) the Magistrate Judge erred by treating claim 4 of U.S. Patent No. 7,640,517 ("'517 Patent") as representative for purposes of the § 101 analysis, (3) the Magistrate Judge misapplied the relevant case law, and (4) the Magistrate Judge improperly resolved factual disputes in favor of Defendant JBA at step two of the *Alice* test;

WHEREAS, on March 25, 2025, Defendant JBA filed a response to the objections (D.I. 353); and

WHEREAS, the Court has reviewed the Report and Recommendation *de novo*, *see* 28 U.S.C. § 636(b)(1);

NOW, THEREFORE, IT IS HEREBY ORDERED that, for the reasons stated below, Plaintiffs' objections (D.I. 351) are OVERRULED, the Report and Recommendation (D.I. 346) is ADOPTED, and Defendant JBA's Motion for Summary Judgment (D.I. 269) is GRANTED.

1. The asserted claims relate to a user interface implemented by software, and I reject Plaintiffs' argument that the Magistrate Judge oversimplified them. I see no error in the Magistrate Judge's conclusion that all the asserted claims are directed to an abstract idea. I am unpersuaded that the Magistrate Judge improperly discounted Plaintiffs' expert evidence on this point, especially since I agree with the Magistrate Judge's conclusion that the proffered expert opinions are untethered to the language of the asserted claims.

2. I reject Plaintiffs' argument that the Magistrate Judge erred by treating claim 4 of the '517 patent as representative. The Magistrate Judge properly applied the law on representativeness to the arguments and record before her. In addition, I have independently reviewed the other asserted claims and, like the Magistrate Judge (D.I. 346 at 10 n.4), I conclude that they are also directed to the same abstract idea and lack an inventive concept. Plaintiffs have not explained how any differences in claim language among the asserted claims requires a different result under § 101.

3. I reject Plaintiffs' argument that the Magistrate Judge misapplied precedent. The R&R properly distinguished cases that involved improvements in the functioning of

computers and cases with claims covering a particular manner of achieving a result. This case is neither of those types of cases.

4. There are no material factual disputes at *Alice* step two that preclude summary judgment. Plaintiffs argue that because they submitted expert testimony on whether the claim elements or combinations of elements are well-understood, routine, or conventional, it would be inappropriate to grant summary judgment to JBA. But "the Federal Circuit has made clear that the introduction of expert testimony by the non-movant does not necessarily require the denial of a summary judgment motion." *F45 Training Pty Ltd. v. Body Fit Training USA Inc.*, No. 20-1194, 2022 WL 17177621, at *13 (D. Del. Nov. 17, 2022) (Bryson, J., by designation) (collecting cases). "[A]n expert's 'conclusory' assertion that there is an inventive concept is insufficient where the intrinsic evidence demonstrates otherwise." *See Robocast, Inc. v. Netflix, Inc.*, No. 22-305, D.I. 463, slip op. at 6 (D. Del. Feb 21, 2025). And, as the Magistrate Judge correctly concluded, summary judgment is appropriate in a case like this, where the "allegedly inventive concept . . . is the abstract idea itself." (D.I. 346 at 20.)

IT IS FURTHERED ORDERED that the remaining pending motions (D.I. 177, 200, 265, 268, 275, 278, 283, 339) are DENIED as moot.

IT IS FINALLY ORDERED that the parties shall meet and confer and submit a proposed

form of judgment.

Dated: March 31, 2025

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE